IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGIO OCHOA,

               Petitioner,                    No. 2:13-cv-1066-EFB P

     vs.

ANTHONY HEDGPETH,

               Respondent.              <u>ORDER</u>

_____/

      Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has filed an application for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Examination of his supporting affidavit reveals that he is unable to afford the costs of suit. Therefore, the request is granted. *See* 28 U.S.C. § 1915(a).

      A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The petition challenges a 2007 conviction in the San Joaquin County Superior Court. The petition indicates that petitioner appealed his conviction to the California Court of Appeal, and identifies the three claims petitioner raised on appeal. Petitioner, however, left blank the section of the form petition reserved for stating the grounds

for relief petitioner wishes to assert in this court.  The court is therefore unable to identify the grounds for relief the petition intends to raise.

It also appears on the face of the petition that petitioner has failed to exhaust state judicial remedies.  The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted).

After reviewing the petition for habeas corpus, it appears as though petitioner has failed to exhaust state judicial remedies.  He indicates that he appealed his conviction to the California Court of Appeal, but it does not appear from his petition that he presented whatever claims he intends to pursue here to the California Supreme Court.  When asked, "Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal," petitioner checked the "No" box.  ECF No. 1 at 9.  Petitioner also checked the "No" box when asked if he "appealed to the highest state court having jurisdiction the result of action taken on any petition, application or motion."  *Id*. at 10.  Thus, it appears that petitioner's claims have not been presented to the California Supreme Court and are unexhausted.  Further, there is no allegation that state court remedies are no longer available to petitioner.

/////

/////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

1    Accordingly, it is ORDERED that:

2    1.  Petitioner's request for leave to proceed *in forma pauperis* is granted.

3    2.  Petitioner has 30 days from the date of this order to file an amended petition for a writ

4    of habeas corpus curing the deficiencies identified in this order.  In addition to identifying the

5    grounds for relief petitioner intends to raise, petitioner must also demonstrate that he has

6    presented his claims to the California Supreme Court or that state remedies are no longer

7    available.  The petition must bear the docket number assigned to this action and be styled, "First

8    Amended Petition."  The petition must also be complete in itself without reference to any prior

9    petition.

10   3.  Petitioner's failure to comply with this order may result in dismissal of the action.

11   4.  The Clerk of the Court is directed to send petitioner the court's form for application

12   for writ of habeas corpus.

13   Dated:  August 20, 2013.

14                          EDMUND F. BRENNAN
15                          UNITED STATES MAGISTRATE JUDGE

3